NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In re                                          :
                                               :
    PETER SECIVANOVIC,          :     Civ. No. 06-3098 (GEB)
                                               :     On appeal from: 98-33781 (KCF)
        Debtor.             :
                                               :     **MEMORANDUM OPINION**
                                               :
                                               :
                                               :

**BROWN, Chief Judge**

      This matter comes before the Court upon the appeal of *pro se* appellant, Peter Secivanovic ("Appellant"), from the June 1, 2006 Order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") denying a motion or application for the entry of an order to reconsider the order fixing dates for filing final reports and other relief ("June 1 Order"). The Court, exercising jurisdiction pursuant to 28 U.S.C. § 158(a)(1), has fully considered the parties' submissions and has decided the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Appellant's appeal is denied and the Bankruptcy Court's June 1 Order is affirmed.

**I. BACKGROUND**

      This matter involves Appellant's underlying individual chapter 7 bankruptcy case ("Individual Case")(Case No. 98-33781) and a separate corporate bankruptcy case, Destiny Holdings ("Destiny Case")(Case No. 98-32103). Appellant appeals from the Bankruptcy Court's

June 1 Order in the Individual Case denying a motion or application for the entry of an order to reconsider the order fixing final reports and other relief.  On March 10, 2006, the Bankruptcy Court entered an Order to Show Cause in the Individual Case.  The order required the Trustee, Gary S. Jacobsen, and the United States Trustee to show cause why a date should not be fixed for the filing of the Trustee's Final Report, why the Trustee should not be removed, or why the Individual Case should not be closed.  The Appellant filed an objection to the March 10, 2006 Order to Show Cause, seeking to prevent the Bankruptcy Court from closing the Individual Case.  The Trustee claims that the Appellant was attempting to preserve his right to pursue various claims against the Trustee.  The Bankruptcy Court held a hearing on April 24, 2006 regarding the Order to Show Cause.  The Court overruled the Appellant's Objection and required the Trustee to file a final report within sixty days.

On May 2, 2006, Appellant filed a Motion for Reconsideration of the Bankruptcy Court's April 24, 2006 ruling that a final report be filed by the Trustee within sixty days.  Appellant also filed a separate motion in the Destiny Case requesting that it be re-opened and the final decree vacated.  Hearings regarding both of these motions were held on May 30, 2006 and the Bankruptcy Court entered separate orders denying the Motion for Reconsideration and the Destiny Motion to Re-open.  On June 8, 2006, Appellant filed a notice of appeal solely in the Individual Case referring only to the Motion for Reconsideration.

## II. DISCUSSION

### A. Standard of Review

Bankruptcy Rule 8013 provides that the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly

erroneous . . . " Fed. R. Bankr. P. 8013.  A factual finding is clearly erroneous only where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Cellnet Data Sys., Inc., 327 F.3d 242, 244 (3d Cir. 2003) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A bankruptcy court's conclusions of law, on the other hand, are reviewed *de novo*. Id.  Where mixed questions of law and fact are presented, the appropriate standard must be applied to each component of the appeal. Id.

### B. Appellant's Failure to Raise Issues in the Motion for Reconsideration

The issues considered by the Bankruptcy Court in the Motion for Reconsideration involved its order directing the final reports be filed by the Trustee within sixty days.  The Court considered whether Appellant satisfied the requirements for reconsideration of the Court's April 24, 2006 ruling which overruled Appellant's objection to the June 1 Order, and denied the motion on that basis.  In this appeal, Appellant designated five issues for the Court to consider, none of which were addressed in the Motion for Reconsideration or relate the June 1 Order.  These issues on appeal include: (1) does the administrative closing of a bankruptcy case before an adversary proceeding is concluded cause the suit to be dismissed or prejudice the Appellant's rights to due process; (2) does the failure to file final fee applications by appointed professionals constitute a violation of the Bankruptcy Rules; (3) does the Appellant require leave to appeal from a bench ruling; (4) is the bench ruling denying the motion for reconsideration appealable as a final judgment; and (5) did the Bankruptcy Court abuse its discretionary powers when it decided not to issue a ruling on Appellant's motion to strike the Trustee's responsive papers.  "It is well established that failure to raise an issue in the district court constitutes a waiver of the argument." Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991)(citing Toyota Indus. Trucks v. Citizens Nat'l Bank,

611 F.2d 465, 470 (3d Cir. 1979)). Since Appellant did not raise any of these issues in the motion for reconsideration, they cannot be considered on appeal.

The standard for reconsideration itself is high and reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1] L. Civ. R. 7.1(i). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)(citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process. Bowers, 130 F. Supp. 2d at 613 (citations omitted); see also Florham Park Chevron, Inc. v. Chevron, U.S.A., Inc., 680 F. Supp. 159,

---

[1] On February 24, 2005, Local Civil Rule 7.1(g), which previously governed motions for reargument, was repealed. Now, Local Civil Rule 7.1(i) governs motions for reconsideration. Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

163 (D.N.J. 1988).  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." <u>Tischio v. Bontex, Inc.</u>, 16 F. Supp. 2d 511, 532 (D.N.J. 1998)(citation omitted).  In the present case, Appellant has failed to present any argument that the Bankruptcy Court abused its discretion or improperly applied the standard for a motion for reconsideration.  Rather, the brief contains several new arguments not previously raised with the Bankruptcy Court in relation to the Motion for Reconsideration.

### III. CONCLUSION

For the foregoing reasons, Appellant's appeal is denied and the June 1, 2006 Order of the Bankruptcy Court denying a motion or application for the entry of an order to reconsider the order fixing dates for final reports and other relief is affirmed.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: October 31, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.